HARVARD LAW LIBRARY

*Hartford,*
*June,*
*1823.*

Williams
*v.*
Ensign.

———◁◦▷———

THE HARTFORD BRIDGE COMPANY *against* GRANGER and others.

In an action on a contract, by which the defendants obliged themselves to complete and finish a draw in a certain bridge of the plaintiffs, and the apparatus necessary to render it convenient, and conformable to the tenor of a former agreement, which had been delivered up, the defendants pleaded performance, on which issue was joined. To prove this issue on the part of the defendants, they offered to shew, that before the execution of the contract declared on, the commissioners appointed by the General Assembly, to superintend the building of the bridge, had accepted it, and authorised the plaintiffs to collect toll. Held, that such evidence was inadmissible, the commissioners being strangers to the plaintiffs, and incapable of affecting their contracts with individuals.

A new trial of this cause having been granted, pursuant to the advice of a majority of the Court, (ante 142. 159.) it was tried again at *Hartford*, *September* term, 1822, before *Chapman*, J.

*Hartford,*
*June,*
1823.

Bridge Co.
*v.*
Granger.

For a statement of the declaration, it will be sufficient to refer to the report of the former case. The defendants pleaded, that before the bringing of this suit, they completed and finished said draw, and the apparatus necessary to render it convenient and suitable to said first agreement, and so as to conform to the tenor thereof. This plea the plaintiffs traversed; and issue was joined thereon.

The defendants, for the purpose of shewing, that they had completed and finished the draw and apparatus, as alleged in their plea, offered, among other things, to prove, that before the making of the contract dated the 19th of *December*, 1818, the commissioners appointed by the General Assembly, to superintend the building of the bridge, accepted it, and authorized the plaintiffs to collect toll thereat; and that from the time of such acceptance, to the time of making said contract, and thence, continually, until the bringing of this suit, the plaintiffs took toll of all persons passing the bridge, by consent and permission of the commissioners. To the admission of this evidence the plaintiffs objected; but the judge admitted it. A verdict being given for the defendants, the plaintiffs moved for a new trial, on the ground that the evidence in question was improperly received.

*N. Smith* and *W. W. Ellsworth*, in support of the motion, contended, 1. That the evidence offered by the defendants, and admitted, was not pertinent to the issue; as the acceptance of the bridge by the commissioners was *previous* to the date of the contract, on which the action is brought.

2. That the opinions of the commissioners could have no effect in determining the rights of the parties. The contract contains no reference to the commissioners. They had no power over it, or over the parties in relation to it. Their certificate is no better evidence than the declarations of any other persons, made out of court.

3. That the certificate of the commissioners, if unexceptionable in other respects, conduced to prove only, that the plaintiffs were entitled to take toll,—not that the defendants had completed the draw according to their contract, which was the only point in issue.

Hartford,
June,
1823.

Bridge Co.
v.
Granger.

*T. S. Williams*, contra, contended, 1. That as the contract of the 19th of *December*, 1819, was founded on and referred to the original contract, whatever shewed a performance of the original contract, was proper to shew a performance of the contract which is the immediate subject of the suit.

2. That the doings of the commissioners, in connexion with the fact that the plaintiffs went on and took toll, was evidence proper to go to the jury, to shew that this was a *suitable* draw. The defendants were bound by their contract, and from the nature of the case, to make such a draw as would accommodate the public; and the commissioners were appointed, by the General Assembly, to decide whether the draw made by the defendants was of this description.

HOSMER, Ch. J. The plaintiffs have commenced an action against the defendants on a contract, by which they obliged themselves to finish and complete a draw in a certain bridge, and the apparatus necessary to render the same convenient and suitable, according to the tenor of a former agreement, which had been delivered up. The defendants pleaded performance; and on this the parties were at issue. To prove that they had performed the above contract, which was made on the 19th of *December*, 1818, the defendants offered to show, that before the same was executed, the commissioners on the said bridge accepted it, and authorized the plaintiffs to collect toll. The offered testimony, against the plaintiffs' objection, was admitted by the judge; and the legal propriety of this decision, is the present subject of inquiry.

The bridge was authorized by the General Assembly to be built across *Connecticut* river; and the commissioners were empowered, by the same body, to permit the bridge company to receive toll on their compliance with a resolve of the assembly. To the admissibility of the testimony received, there are several sufficient objections. But it is only necessary to specify one. The commissioners were public agents, appointed to guard the interest of the community, by the prevention of any tolls being received, until such a bridge had been suitably erected, as the bridge company had assumed on themselves to build. But the commissioners were not the agents of the bridge company; and, therefore, could not do any act, which should affect their contracts with individu-

als. The defendants can be discharged from their agreement with the plaintiffs, only by proving performance, or by showing a release from them, executed by them personally, or by their authorized agent. The commissioners, in relation to the plaintiffs, were strangers, and had no power, except what was conferred on them by the General Assembly, for a specific purpose. It is unnecessary to examine the relevancy of the testimony, although, in my opinion, it was manifestly irrelevant, and proved nothing on the issue joined. The incompetency of it, as not being the act of the plaintiffs, is too manifest to render any farther inquiry necessary.

The other Judges were of the same opinion.

New trial to be granted.